# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MARLON DWAYNE BOYKIN,

    *Petitioner*,

v.

INTERNAL REVENUE SERVICE,

    *Respondent*.

Misc. Action No. 25-127 (TJK)

## ORDER

Petitioner Marlon Boykin, pro se, moves to quash an administrative subpoena Respondent the Internal Revenue Service issued to his financial institution. However, Petitioner's motion fails to establish that the Court has subject-matter jurisdiction. Thus, the Court will order Petitioner to show cause why it should not transfer this case to the Eastern District of North Carolina.

On July 16, 2025, Respondent served an administrative subpoena on Truist Financial ("Truist") demanding the production of over five years of financial records for Petitioner and twenty-one others. ECF No. 1 at 1. Petitioner argues that this subpoena is legally defective and violates his constitutional and statutory rights, so he moves to quash the subpoena under 26 U.S.C. § 7609. *Id.* That statute permits taxpayers like Petitioner "to begin a proceeding to quash" certain administrative subpoenas issued by Respondent. 26 U.S.C. § 7609(b)(2)(A), (c)(1). However, a district court's jurisdiction over such proceedings is premised on compliance with the procedural requirements contained within § 7609. *Maxwell v. United States*, 876 F. Supp. 2d 22, 24 (D.D.C. 2012). One such requirement provides that "[t]he United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under" § 7609. § 7609(h)(1). So when petitioners move to quash

subpoenas in courts outside the district specified by the statute, those courts lack jurisdiction over the motion. *Maxwell*, 876 F. Supp. 2d at 25.

Petitioner, like all parties "seeking to invoke a federal court's jurisdiction," "bears the burden of establishing that the court has jurisdiction." *Maxwell*, 876 F. Supp. 2d at 24. As relevant here, that requires him to show that Truist "resides or is found in the District of Columbia." *Nevius v. United States*, 190 F. Supp. 3d 191, 192 (D.D.C. 2016). But he has made no such showing. Instead, the only information Petitioner has provided regarding Truist is that he served Truist at an office location in Lumberton, North Carolina—in the Eastern District of North Carolina. ECF No. 1 at 9. So for now at least, Petitioner has not shown that the Court has jurisdiction over his motion.

When courts lack subject-matter jurisdiction over a case, 28 U.S.C. § 1631 permits them to "transfer" the case "to any other such court . . . in which the action . . . could have been brought" "if it is in the interest of justice." Said differently, a court lacking jurisdiction has discretion to transfer a case to a court that would have jurisdiction. As mentioned, Petitioner's motion indicates that the Eastern District of North Carolina would likely have jurisdiction over this case as it appears that Truist either "resides" or "is found" there. Thus, the Court will order Petitioner to show cause why it should not transfer this case to the Eastern District of North Carolina.

For all the above reasons, it is hereby **ORDERED** that Petitioner shall show cause, by August 20, 2025, why the Court should not transfer this case to the Eastern District of North Carolina. If he fails to do so, the Court will proceed to transfer the case for the reasons explained.

**SO ORDERED.**

/s/ Timothy J. Kelly  
TIMOTHY J. KELLY  
United States District Judge

Date: August 6, 2025

2